# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

---

SAMUEL NETERVAL-QUIEL,
4339 South Taylor Avenue
Milwaukee, Wisconsin 53207, and

LEAH NETERVAL-QUIEL,
4339 South Taylor Avenue
Milwaukee, Wisconsin 53207,

       Plaintiffs,
and

SENTRY INSURANCE COMPANY,
1800 North Point Drive
Stevens Point, Wisconsin 54481, and

       Involuntary Plaintiffs,
vs.

C.M.C. S.R.L. d/b/a CMC AERIAL PLATFORMS,
Via Bitritto 119 70124
Bari – Italy,

XL INSURANCE COMPANY SE
RAPPRESENTANZA GENERALE PER L'ITALIA,
Corso Como 17
Milano, Milano, 20154 Italy,

LOMEK SRL,
Via Guglielmo Marconi 27/29
Sabbioneta, Mantova, 46018 Italy,

ABC INSURANCE COMPANY,
A Foreign or Domestic Insurance Company
Present Name and Address Unknown,

ALL ACCESS EQUIPMENT, INC.,
891 Woburn Street, Unit 1
Wilmington, Massachusetts 01887, and

Civil Case No. 2:21-cv-1279
Case Type: Personal Injury-
Product Liability

GEMINI INSURANCE COMPANY,
475 Steamboat Road Floor 1
Greenwich, Connecticut 06830,

      Defendants.

---

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

---

Plaintiffs, SAMUEL NETERVAL-QUIEL and LEAH NETERVAL-QUIEL, his wife, file this Complaint for Damages as follows:

### PARTIES

1. Plaintiff, SAMUEL NETERVAL-QUIEL, is a resident of the City of Milwaukee, Milwaukee County, Wisconsin and a citizen of the State of Wisconsin.

2. Plaintiff, LEAH NETERVAL-QUIEL, is a resident of the city of Milwaukee, Milwaukee County, Wisconsin and a citizen of the State of Wisconsin.

3. At all material times, Plaintiffs, SAMUEL NETERVAL-QUIEL and LEAH NETERVAL-QUIEL, were married as husband and wife.

4. At all times mentioned, the Involuntary Plaintiff, SENTRY INSURANCE COMPANY, was at the time of the incident and currently is a domestic corporation domiciled in the state of Wisconsin with its principal place of business located at 1800 North Point Drive, Stevens Point, Wisconsin 54481, and upon information and belief, made medical payments on behalf of and indemnity payments to the Plaintiff, SAMUEL NETERVAL-QUIEL pursuant to a Workers Compensation policy. The Plaintiff, SAMUEL NETERVAL-QUIEL, alleges doubt as to whether the Involuntary Plaintiff, SENTRY INSURANCE COMPANY, is truly subrogated or interested in this action.

2

5. Defendant, C.M.C. S.R.L. d/b/a CMC AERIAL PLATFORMS (hereinafter "CMC"), is a foreign Italian Corporation with its principle place of business located at Via Bitritto 119 70124 Bari – Italy.

6. At all times mentioned, the Defendant, XL INSURANCE COMPANY SE RAPPRESENTANZA GENERALE PER L'ITALIA, was at the time of the incident and currently is a foreign corporation incorporated in the country of Italy with its principal place of business, upon information and belief, located at Corso Como 17, Milano, Milano, 20154 Italy. Upon information and belief, the Defendant, XL INSURANCE COMPANY SE RAPPRESENTANZA GENERALE PER L'ITALIA, was at all times material herein the liability insurance carrier of the Defendant, C.M.C. S.R.L. d/b/a CMC AERIAL PLATFORMS, and had issued a policy or policies of insurance to the Defendant, C.M.C. S.R.L. d/b/a CMC AERIAL PLATFORMS, in effect covering this defendant against liability imposed upon them by law for damages caused by negligent acts and is therefore a proper party to this action pursuant to Fed. R. Civ. P. 17 and Wis. Stat. §632.24.

7. Defendant, CMC, designed and manufactured the aerial work platform CMC Arbor Pro #83HD+ that is the subject of this action for the purpose of sale in the United States of America, and specifically, in the instant matter, sale to Wisconsin customers for use by Wisconsin consumers in Wisconsin.

8. Defendant, LOMEK S.R.L. (hereinafter "LOMEK"), is a foreign corporation incorporated in the country of Italy with its principle place of business located at Via Guglielmo Marconi 27/29, Sabbioneta, Mantova, 46018 Italy

3

9. One or more unknown insurance companies, herein designated pursuant to Wis. Stat. §807.12 and §632.24 by the fictitious name of ABC INSURANCE COMPANY, issued a policy or policies of insurance to the Defendant, LOMEK S.R.L., which provided coverage to the Defendant, LOMEK S.R.L., for claims such as those hereinafter set forth in this Complaint and which policy or policies of insurance were in full force and effect at the time of the hereinafter described matter; by virtue of this contract of insurance, this defendant insurance company is a proper party defendant.

10. Defendant, LOMEK, designed and manufactured a component part of the aerial work platform CMC Arbor Pro #83HD+, namely the boom lift, that is the subject of this action for the purpose of production and the eventual sale of the completed work platform CMC Arbor Pro #83HD+ in the United States of America, and, specifically, in the instant matter, sale to Wisconsin customers for use by Wisconsin consumers in Wisconsin.

11. Defendant, ALL ACCESS EQUIPMENT, INC. (hereinafter "ALL ACCESS"), is a foreign corporation incorporated in the state of Massachusetts with its principle place of business located at 891 Woburn Street Unit 1, Wilmington, Massachusetts 01887, USA.

12. At all times mentioned, the Defendant, GEMINI INSURANCE COMPANY, was at the time of the incident and currently is a foreign corporation incorporated in the state of Connecticut with its principal place of business, upon information and belief, located at 475 Steamboat Road Floor 1, Greenwich, Connecticut 06830. Upon information and belief, the Defendant, GEMINI INSURANCE COMPANY, was at all times material herein the liability insurance carrier of the Defendant, ALL ACCESS EQUIPMENT, INC., and had issued a policy or policies of insurance to the Defendant, ALL ACCESS EQUIPMENT, INC., in effect covering this defendant against liability imposed upon them

by law for damages caused by negligent acts and is therefore a proper party to this action pursuant to Fed. R. Civ. P. 17 and Wis. Stat. §632.24.

13. Defendant, ALL ACCESS, sold or otherwise served as the United States of America distributor of the CMC Arbor Pro #83HD+ aerial work platform designed and manufactured by the Defendant, CMC, and designed and manufactured by the Defendant, LOMEK, that is the subject of this action.

14. Defendant, ALL ACCESS, sold or otherwise distributed the CMC Arbor Pro #83HD+ involved in the accident that is the subject of this litigation to Arbor Pro, an arborist company based in Wisconsin who served as the employer of the Plaintiff, Samuel Neterval-Quiel, a Wisconsin resident.

## JURISDICTION

15. Venue is proper in this Court because the cause of action occurred in the State of Wisconsin and in this district; also a portion of the alleged tortious acts and omissions, as well as the injury, occurred in this state and district.

16. Plaintiffs are alleging general and special damages in excess of $75,000.00 including general damages that include the multiple fractures, including spinal fractures to the Plaintiff, SAMUEL NETERVAL-QUIEL, and related lost wages and benefit and future medical needs; therefore the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00 specified by 28 U.S.C. § 1332 conferring jurisdiction in this court.

17. Pursuant to 28 U.S.C.A. § 1332, this Court has jurisdiction because Plaintiffs are citizens of a different state than all Defendants, and there exists complete diversity among the parties.

5

## FACTS AND GENERAL ALLEGATIONS

18. On February 22, 2021, the Plaintiff, SAMUEL NETERVAL-QUIEL, was properly operating a CMC Arbor Pro #83HD+ aerial work platform boom lift (hereinafter "83HD+") in accordance with the manufacturer usage guidelines, for the purpose of tree removal at the address of 2931 North Silver Cedar Road, Oconomowoc, Wisconsin 53066.

19. On that same date, the Plaintiff, SAMUEL NETERVAL-QUIEL, was operating the 83HD+ from the bucket at an elevated height of approximately 40 feet above the ground with outriggers properly engaged and otherwise in accordance with the manufacturer usage guidelines.

20. While operating the 83HD+, the boom mast collapsed and buckled with Plaintiff, SAMUEL NETERVAL-QUIEL, still within the bucket.

21. As a result of the product failure, the Plaintiff, SAMUEL NETERVAL-QUIEL, was dropped from a height of approximately 40 feet and suffered severe bodily injuries including but not limited to a shattered sacrum and permanent nerve damage, both of which required surgical intervention and on-going medical treatment.

22. The Defendant, CMC, was negligent in the design and manufacturing of the 83HD+ being operated by the Plaintiff, SAMUEL NETERVAL-QUIEL, at the time of the injury causing the accident.

23. Defendant, LOMEK, was negligent in the design and manufacturing of a component part of the 83HD+, namely the boom mast, that failed while being operated by the Plaintiff, SAMUEL NETERVAL-QUIEL, at the time of the accident causing him injury.

24. Defendant, ALL ACCESS, sold or otherwise served as the United States of America distributor of the 83HD+ purchased by Arbor Pro, the Wisconsin employer of the Plaintiff

6

SAMUEL NETERVAL-QUIEL, for use in Wisconsin by the Plaintiff, SAMUEL NETERVAL-QUIEL.

25. The 83HD+, while equipped with several "safety features", at no point during the sequence of injury causing events indicated any of its warnings that the boom mast was in danger of failing, or that the 83HD+ was being used in a way which might bring about the injury causing structural failure.

26. Defendants, CMC, LOMEK and ALL ACCESS, were generally aware at the time of design, manufacture, sale and distribution that the boom mast of the 83HD+ must be designed and manufactured to withstand the forces placed upon it by normal use of the aerial work platform.

27. Defendants, CMC, LOMEK and ALL ACCESS, were generally aware that the design and manufacturing process of the 83HD+ aerial work platform was deficient and therefore substantially likely to cause injuries such as those which occurred in the instant case.

28. Defendants, CMC, LOMEK and ALL ACCESS, are and were aware of several other accidents in which the boom mast of an 83HD+ failed in a substantially similar manner as the instant case prior to February 22, 2021, the date this incident occurred.

29. Despite said awareness, Defendants, CMC, LOMEK and ALL ACCESS, failed to take necessary and proper steps to remedy the design and/or manufacturing defects to the 83HD+ or otherwise remove the defective product out of the stream of commerce.

30. Had the Defendants, CMC, LOMEK or ALL ACCESS, taken appropriate steps to redesign the boom mast in a manner which would allow the 83HD+ to sustain the forces routinely placed upon it during intended use, or taken the appropriate steps to produce a manufacturer remedy such as reinforcement of the welds and the structural steel of the boom lift, or taken

the appropriate steps to recall or other remove the defective product out of the stream of commerce the Plaintiff, SAMUEL NETERVAL-QUIEL, would not have been injured.

31. The lack of such steps detailed in Paragraph 28-30, *supra*, created an unreasonable danger for the Plaintiff SAMUEL NETERVAL-QUIEL on February 22, 2021.

32. As a direct and proximate result of this incident, the Plaintiff, SAMUEL NETERVAL-QUIEL, sustained severe and permanent injuries, including, but not limited to, multiple fractures to his pelvis and sacral spine requiring surgical intervention and permanent injuries.

33. Plaintiff, SAMUEL NETERVAL-QUIEL, has incurred in the past and will incur in the future, medical expenses for surgeries and other medical care and needs.

34. In addition to past and future medical and hospital expenses, the Plaintiff, SAMUEL NETERVAL-QUIEL, has also a loss of earnings from the date of his injury to the date of trial; loss of future earning capacity from the date of trial over his work life expectancy; loss of function of his body from the date of his injury until the time of trial; loss of function of his body from the date of trial over his normal life expectancy; past physical and mental pain and suffering from the date of his injury to the date of trial; and future physical and mental pain and suffering over his normal life expectancy. Plaintiff, SAMUEL NETERVAL-QUIEL's, past and future physical pain and suffering includes, but is not limited to, unpleasant feelings, bodily distress or uneasiness, bodily suffering, sensations or discomfort. Plaintiff, SAMUEL NETERVAL-QUIEL's, past and future mental pain and suffering includes, but is not limited to, mental anguish, nervousness, worry, anxiety, irritability, disappointment, depression, confusion, disorientation, apprehension, embarrassment, loss of enjoyment of life, a feeling of uselessness, or emotional distress.

<u>**COUNT ONE**</u>
<u>**SAMUEL NETERVAL-QUIEL V. CMC**</u>
<u>**STRICT PRODUCTS LIABILITY - DEFECTIVE DESIGN**</u>

35. Plaintiffs re-allege and incorporate by reference paragraphs 1-34 of the Complaint as if they were fully restated verbatim herein.

36. Defendant, CMC, designed and manufactured the HD83+ boom lift aerial platform that was later sold to Arbor Pro, and used by the Plaintiff, SAMUEL NETERVAL-QUIEL, at the time of this incident.

37. The HD83+ boom lift aerial platform designed by the Defendant, CMC, was defective in its design because it posed a foreseeable, unreasonable risk of harm to intended users such as the Plaintiff, SAMUEL NETERVAL-QUIEL.

38. The HD83+ boom lift aerial platform designed by the Defendant, CMC, was defective at the time it was sold by CMC and left its control and entered the steam of commerce, and when it was used by the Plaintiff, SAMUEL NETERVAL-QUIEL.

39. The HD83+ boom lift aerial platform designed by the Defendant, CMC, was expected to reach the user without substantial change in the condition it was sold, and actually reached the end user, the Plaintiff, SAMUEL NETERVAL-QUIEL, without substantial change in the condition it was sold.

40. Plaintiff, SAMUEL NETERVAL-QUIEL, was a person who would reasonably be expected to use or be affected by the subject HD83+, and the Plaintiff, SAMUEL NETERVAL-QUIEL, used the subject HD83+ in a safe and/or foreseeable fashion.

41. The HD83+ designed by the Defendant, CMC, and used by the Plaintiff, SAMUEL NETERVAL-QUIEL, was and is defective in its design because the foreseeable, unreasonable risk of harm posed could have been reduced or avoided by the adoption of a

9

reasonable alternative design, and the omission of the alternative design rendered the product not reasonably safe.

42. The defective condition of the HD83+ rendered the product unreasonably dangerous to persons or property, including the Plaintiff, SAMUEL NETERVAL-QUIEL.

43. The defective condition of the HD83+ existed at the time the product left the control of the manufacturer.

44. As a direct and proximate cause of the design defects in and defective condition of the subject HD83+, for which there were reasonable alternative designs that reduced the risk without negatively affecting the utility of the HD83+, the Plaintiff, SAMUEL NETERVAL-QUIEL, suffered bodily injury that is permanent within a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, future medical care, loss of earnings, and loss of the ability to earn money.

**COUNT TWO**
**SAMUEL NETERVAL-QUIEL V. CMC**
**STRICT PRODUCTS LIABILITY - MANUFACTURING DEFECT**

45. Plaintiffs re-allege and incorporate by reference paragraphs 1-44 of the Complaint as if they were fully restated verbatim herein.

46. Defendant, CMC, designed and manufactured the HD83+ boom lift aerial platform sold to Arbor Pro, and used by the Plaintiff, SAMUEL NETERVAL-QUIEL, at the time of this incident.

47. The HD83+ boom lift aerial platform manufactured by the Defendant, CMC, was defective in its manufacture because it departed from its intended design even though all possible care was exercised in the manufacture of the product.

48. The HD83+ used by the Plaintiff, SAMUEL NETERVAL-QUIEL, was defective in its manufacture because it contained a weld not sufficient for its intended use despite the end user using the product as intended and in accordance with the manufacturer's recommended guidelines.

49. The HD83+ boom mast manufactured by the Defendant, CMC, was welded defectively in a manner that rendered the product unsafe for its intended use and rendered the product unreasonably safe.

50. The defective condition of the HD83+ rendered the product unreasonably dangerous to persons or property, including the Plaintiff, SAMUEL NETERVAL-QUIEL.

51. The defective condition of the HD83+ existed at the time the product left the control of the manufacturer, CMC.

52. As a direct and proximate cause of the manufacturing defects in, and the condition of the subject HD83+, the Plaintiff, SAMUEL NETERVAL-QUIEL, suffered bodily injury that is permanent within a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, future medical care, loss of earnings, and loss of the ability to earn money.

**COUNT THREE**
**SAMUEL NETERVAL-QUIEL V. LOMEK**
**STRICT PRODUCTS LIABILITY IN THAT THE**
**HD83+ IS DEFECTIVE AS DESIGNED**

53. Plaintiffs re-allege and incorporate by reference paragraphs 1-52 of the Complaint as if they were fully restated verbatim herein.

54. Defendant, LOMEK, designs, manufactures, markets and sells component parts for use and consumption in completed products including the boom mast sold to and used by Defendant, CMC, in its final HD83+ end product.

55. The HD83+ boom lift aerial platform boom component part designed by the Defendant, LOMEK, was defective in its design because it posed a foreseeable, unreasonable risk of harm to intended users such as the Plaintiff, SAMUEL NETERVAL-QUIEL.

56. The HD83+ boom lift aerial platform boom component part designed by LOMEK was defective at the time it was sold to the Defendant, CMC, and also defective when it left its control and was placed into the final HD83+ CMC product and entered the steam of commerce, and ultimately when used by the Plaintiff, SAMUEL NETERVAL-QUIEL.

57. The HD83+ boom lift aerial platform designed by the Defendant, LOMEK, was expected to reach the user within the HD83+ end product without substantial change in the condition it was sold, and placed within the CMC HD83+ end product, and actually reached the end user, the Plaintiff, SAMUEL NETERVAL-QUIEL, without substantial change in the condition it was placed within the end product, and without substantial change in the condition as it reached the end user, the Plaintiff, SAMUEL NETERVAL-QUIEL.

58. Plaintiff, SAMUEL NETERVAL-QUIEL, was a person who would reasonably be expected to use or be affected by the subject HD83+, and the Plaintiff, SAMUEL NETERVAL-QUIEL, used the subject HD83+ in a safe and/or foreseeable fashion.

59. The component part designed by the Defendant, LOMEK, placed within the HD83+ end product, and used by the Plaintiff, SAMUEL NETERVAL-QUIEL, was defective in its design because the foreseeable risk of harm posed could have been reduced or avoided by

the adoption of a reasonable alternative design, and the omission of the alternative design rendered the product not reasonably safe.

60. The defective condition of the component part in the HD83+ rendered the product unreasonably dangerous to persons or property, including the Plaintiff, SAMUEL NETERVAL-QUIEL.

61. The defective condition of the component part in HD83+ existed at the time the product left the control of the Defendants, LOMEK and CMC.

62. As a direct and proximate cause of the design defects in the component part designed by the Defendant, LOMEK, and placed within the subject HD83+, for which there were reasonable alternative designs that reduced the risk without negatively affecting the utility of component part and the HD83+, the Plaintiff, SAMUEL NETERVAL-QUIEL, suffered bodily injury that is permanent within a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, future medical care, loss of earnings, and loss of the ability to earn money.

**COUNT FOUR**
**SAMUEL NETERVAL-QUIEL V. LOMEK**
**STRICT PRODUCTS LIABILITY - MANUFACTURING DEFECT**

63. Plaintiffs re-allege and incorporate by reference paragraphs 1-62 of the Complaint as if they were fully restated verbatim herein.

64. Defendant, LOMEK, designed, manufactured, and sold the component part boom mast that was incorporated into the HD83+ end product designed and manufactured by CMC, and eventually sold as an end product Arbor Pro, and used by the Plaintiff, SAMUEL NETERVAL-QUIEL, at the time of this incident.

13

65. The component part boom mast manufactured by the Defendant, LOMEK, and incorporated into the HD83+ boom lift aerial platform end product sold by the Defendant, CMC, was defective in its manufacture because it departed from its intended design even though all possible care was exercised in the manufacture of the product.

66. The component part boom mast manufactured by the Defendant, LOMEK, and incorporated into the HD83+ boom lift aerial platform end product sold by the Defendant, CMC, and used by the Plaintiff, SAMUEL NETERVAL-QUIEL, was defective in its manufacture because it contained a weld not sufficient for its intended use despite the end user using the product as intended and in accordance with the manufacturer's recommended guidelines.

67. The component part boom mast manufactured by the Defendant, LOMEK, and incorporated into the HD83+ boom lift aerial platform end product sold by the Defendant, CMC, was welded defectively in a manner that rendered the product unsafe for its intended use and rendered the product unreasonably safe.

68. The defective condition of component part boom mast in the HD83+ end product rendered the product unreasonably dangerous to persons or property, including the Plaintiff, SAMUEL NETERVAL-QUIEL.

69. The defective condition of the component part boom mast in the HD83+ existed at the time the product left the control of the manufacturer, LOMEK.

70. As a direct and proximate cause of the manufacturing defects in the component part boom mast manufactured by the Defendant, LOMEK, and incorporated into the HD83+ boom lift aerial platform end product sold by CMC and used by the Plaintiff, SAMUEL NETERVAL-QUIEL, the Plaintiff, SAMUEL NETERVAL-QUIEL, suffered bodily

injury that is permanent within a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, future medical care, loss of earnings, and loss of the ability to earn money.

**COUNT FIVE**
**SAMUEL NETERVAL-QUIEL V. ALL ACCESS EQUIPMENT**
**STRICT PRODUCTS LIABILITY OF DISTRIBUTOR PURSUANT**
**TO WIS. STATS. § 895.047(2)(a)(1)+(2)**

71. Plaintiffs re-allege and incorporate by reference paragraphs 1-70 of the Complaint as if they were fully restated verbatim herein.

72. Defendant, ALL ACCESS, sells, markets and otherwise distributes aerial lift platforms designed and manufactured by the Defendants, CMC and LOMEK, including the HD83+ boom lift aerial platform sold and distributed to Arbor Pro, and used by the Plaintiff, SAMUEL NETERVAL-QUIEL, at the time of this incident.

73. For reasons set forth in Paragraphs 1-70, *supra*, at the time the Defendant, ALL ACCESS, sold and distributed the #HD83+ involved in this incident to Arbor Pro, including and through the use of the #HD83+ by the Plaintiff, SAMUEL NETERVAL-QUIEL, the #HD83+ was in a defective condition.

74. That the Defendant, CMC, and its liability insurer are based in Italy, and not subject to service of process in the State of Wisconsin, thereby making the Defendant, ALL ACCESS, a proper party defendant pursuant to Wis. Stat. §895.047(2)(a)(1)+(2)

75. That the Defendant, LOMEK, and its liability insurer are based in Italy, and not subject to service of process in the State of Wisconsin, thereby making the Defendant, ALL ACCESS, a proper party defendant pursuant to Wis. Stat. §895.047(2)(a)(1)+(2)

76. That the Defendant, ALL ACCESS, as seller and distributor of the HD83+ involved in this incident contractually assumed the Defendant, CMC's, duty to manufacture and design the HD83+ involved in this incident.

77. That the Defendant, ALL ACCESS, as seller and distributor of the HD83+ involved in this incident contractually assumed the Defendant, LOMEK's, duty to manufacture and design the #HD83+ involved in this incident and its component parts.

78. As a direct and proximate cause of the Defendant, ALL ACCESS, as seller and distributor of the HD83+, placing the defective product in to the stream of commerce, the Plaintiff, SAMUEL NETERVAL-QUIEL, suffered bodily injury that is permanent within a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, future medical care, loss of earnings, and loss of the ability to earn money.

**COUNT SIX**
**SAMUEL NETERVAL-QUIEL V. CMC**
**NEGLIGENCE**

79. Plaintiffs re-allege and incorporate by reference paragraphs 1-78 of the Complaint as if they were fully restated verbatim herein.

80. At all times prior to and including February 22, 2021, the Defendant, CMC, owed a duty to exercise reasonable care and comply with existing standards of care in its preparation, design, research, development, manufacture, inspection, marketing, promotion and sale of its HD83+ aerial platform boom lift that the Defendant, CMC, introduced into the stream of commerce, including a duty to ensure that users including the Plaintiff, SAMUEL NETERVAL-QUIEL, would not suffer from unreasonable, dangerous or untoward effects of the ordinary usage of its HD83+ aerial platform boom lift.

81. At all times relevant to this action, the Defendant, CMC, knew or reasonably should have known that the HD83+ was unreasonably dangerous and defective when used as directed, designed and used within the recommended guidelines due to a manufacturing defect in the HD83+ and a design defect in the HD83+.

82. At all times during the preparation, design, research, development, manufacture, inspection, marketing, promotion and sale of its HD83+ aerial platform boom lift that the Defendant, CMC, introduced into the stream of commerce, the Defendant, CMC, failed to exercise reasonable care and was therefore negligent in the preparation, design, research, development, manufacture, inspection, marketing, promotion and sale of its HD83+ aerial platform boom lift.

83. That the negligence of the Defendant, CMC, was a substantial factor in causing the HD83+ aerial platform boom lift to fail, and that the negligence of the Defendant, CMC, was a substantial factor in causing the injuries sustained the Plaintiff, SAMUEL NETERVAL-QUIEL.

84. That as a direct and proximate cause of the negligence of the Defendant, CMC, the Plaintiff, SAMUEL NETERVAL-QUIEL, suffered bodily injury that is permanent within a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, future medical care, loss of earnings, and loss of the ability to earn money.

### COUNT SEVEN
### SAMUEL NETERVAL-QUIEL V. LOMEK
### NEGLIGENCE

85. Plaintiffs re-allege and incorporate by reference paragraphs 1-84 of the Complaint as if they were fully restated verbatim herein.

86. At all times prior to and including February 22, 2021, the Defendant, LOMEK, owed a duty to exercise reasonable care and comply with existing standards of care in its preparation, design, research, development, manufacture, inspection, marketing, promotion and sale of its HD83+ aerial platform boom lift which the Defendant, LOMEK, introduced into the stream of commerce, including a duty to ensure that uses including the Plaintiff, SAMUEL NETERVAL-QUIEL, would not suffer from unreasonable, dangerous or untoward effects of the ordinary usage of its HD83+ aerial platform boom lift.

87. At all times relevant to this action, the Defendant, LOMEK, knew or reasonably should have known that the HD83+ was unreasonably dangerous and defective when used as directed, designed and used within the recommended guidelines due to a manufacturing defect in the HD83+ and a design defect in the HD83+.

88. At all times during the preparation, design, research, development, manufacture, inspection, marketing, promotion and sale of its HD83+ aerial platform boom lift which the Defendant, LOMEK, introduced into the stream of commerce, the Defendant, LOMEK, failed to exercise reasonable care and was therefore negligent in the preparation, design, research, development, manufacture, inspection, marketing, promotion and sale of its HD83+ aerial platform boom lift.

89. That the negligence of the Defendant, LOMEK, was a substantial factor in causing the HD83+ aerial platform boom lift to fail, and that the negligence of the Defendant, LOMEK, was a substantial factor in causing the injuries sustained by the Plaintiff, SAMUEL NETERVAL-QUIEL.

90. That as a direct and proximate cause of the negligence of the Defendant, LOMEK, the Plaintiff, SAMUEL NETERVAL-QUIEL, suffered bodily injury that is permanent within

a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, future medical care, loss of earnings, and loss of the ability to earn money.

<b><u>COUNT EIGHT</u></b>
<b><u>SAMUEL NETERVAL-QUIEL V. ALL ACCESS</u></b>
<b><u>NEGLIGENCE</u></b>

91. Plaintiffs re-allege and incorporate by reference paragraphs 1-90 of the Complaint as if they were fully restated verbatim herein.

92. At all times prior to and including February 22, 2021, the Defendant, ALL ACCESS, owed a duty to exercise reasonable care and comply with existing standards of care in its preparation, design, research, development, manufacture, inspection, marketing, promotion, distribution and sale of the HD83+ aerial platform boom lift which the Defendant, ALL ACCESS, introduced into the stream of commerce, including a duty to ensure that uses including the Plaintiff, SAMUEL NETERVAL-QUIEL, would not suffer from unreasonable, dangerous or untoward effects of the ordinary usage of its HD83+ aerial platform boom lift.

93. At all times relevant to this action, the Defendant, ALL ACCESS, knew or reasonably should have known that the HD83+ was unreasonably dangerous and defective when used as directed, designed and used within the recommended guidelines due to a manufacturing defect in the HD83+ and a design defect in the HD83+.

94. At all times during the preparation, design, research, development, manufacture, inspection, marketing, promotion, distribution and sale of its HD83+ aerial platform boom lift which the Defendant, ALL ACCESS, introduced into the stream of commerce, the Defendant, ALL ACCESS, failed to exercise reasonable care and was therefore negligent

in the preparation, design, research, development, manufacture, inspection, marketing, promotion, distribution and sale of its HD83+ aerial platform boom lift.

95. That the negligence of the Defendant, ALL ACCESS, was a substantial factor in causing the HD83+ aerial platform boom lift to fail, and that the negligence of the Defendant, ALL ACCESS, was a substantial factor in causing the injuries sustained by the Plaintiff, SAMUEL NETERVAL-QUIEL.

96. That as a direct and proximate cause of the negligence of the Defendant, ALL ACCESS, the Plaintiff, SAMUEL NETERVAL-QUIEL, suffered bodily injury that is permanent within a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, future medical care, loss of earnings, and loss of the ability to earn money.

<u>**COUNT NINE**</u>
<u>**SAMUEL NETERVAL-QUIEL V. CMC**</u>
<u>**PUNITIVE DAMAGES**</u>

97. Plaintiffs re-allege and incorporate by reference paragraphs 1-96 of the Complaint as if they were fully restated verbatim herein.

98. Defendant, CMC, acted with intentional disregard to the rights of the Plaintiffs. Defendant CMC was aware or should have been aware before the subject injurious event in the instant case, through its own research, design and testing that its HD83+ product was defective and unreasonable dangerous, and was aware or should have been aware there had been numerous other substantially similar failures of HD83+ boom masts resulting in other similar falls and injuries, and that it was likely and inevitable that other HD83+ boom masts

would fail and cause injury, including the boom mast being used by the Plaintiff, SAMUEL NETERVAL-QUIEL, at the time of this incident.

99. Despite the fact that Defendants knew or should have known of other substantially similar failures and the propensity of its product to fail, there is likely to be evidentiary support after a reasonable opportunity for further investigation and discovery that they failed to:

    a. Research and implement a safer alternative design or retrofit of the product;

    b. Cease further sales of the product until the danger could be properly investigated;

    c. Recall all previously sold products until such time as they could be made reasonably safe to operate; and

    d. Warn all purchasers and users of HD83+ aerial work platforms of the foreseeable risk of harm in operating the platform as designed and/or intended.

    e. Notify all distributors, customers and end users of the product failures and immediately remove the product from the stream of commerce.

100. In failing to take any of the actions noted in paragraph 99, Defendant CMC acted with intentional disregard for the rights of the Plaintiffs, including the rights of the Plaintiff, SAMUEL NETERVAL-QUIEL.

101. As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs are entitled to judgment against Defendant for exemplary damages to deter similar conduct in the future and to punish Defendant for its wrongful acts, in an amount to be determined by the finder of fact.

# COUNT TEN
## SAMUEL NETERVAL-QUIEL V. LOMEK
### PUNITIVE DAMAGES

102.    Plaintiffs re-allege and incorporate by reference paragraphs 1-101 of the Complaint as if they were fully restated verbatim herein.

103.    Defendant, LOMEK, acted with intentional disregard to the rights of the Plaintiffs. Defendants were aware or should have been aware before the subject injurious event in the instant case, through its own research, design and testing that its HD83+ product was defective and unreasonable dangerous, and was aware or should have been aware there had been numerous other substantially similar failures of HD83+ boom masts resulting in other similar falls and injuries, and that it was likely and inevitable that other HD83+ boom masts would fail and cause injury, including the boom mast being used by the Plaintiff, SAMUEL NETERVAL-QUIEL, at the time of this incident.

104.    Despite the fact that Defendant knew or should have known of other substantially similar failures, and the propensity of its product to fail there is likely to be evidentiary support after a reasonable opportunity for further investigation and discovery that they failed to:

   a.   Research and implement a safer alternative design or retrofit of the product;

   b.   Cease further sales of the product until the danger could be properly investigated;

   c.   Recall all previously sold products until such time as they could be made reasonably safe to operate; and

d. Warn all purchasers and users of HD83+ aerial work platforms of the foreseeable risk of harm in operating the platform as designed and/or intended.

e. Notify all distributors, customers and end users of the product failures and immediately remove the product from the stream of commerce.

105. In failing to take any of the actions noted in paragraph 104, the Defendant, LOMEK, acted with intentional disregard for the rights of the Plaintiffs, including the rights of the Plaintiff, SAMUEL NETERVAL-QUIEL.

106. As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs are entitled to judgment against Defendant for exemplary damages to deter similar conduct in the future and to punish Defendant for its wrongful acts, in an amount to be determined by the finder of fact.

**COUNT ELEVEN**
**SAMUEL NETERVAL-QUIEL V. ALL ACCESS**
**PUNITIVE DAMAGES**

107. Plaintiffs re-allege and incorporate by reference paragraphs 1-106 of the Complaint as if they were fully restated verbatim herein.

108. Defendant, ALL ACCESS, acted with intentional disregard to the rights of the Plaintiffs. Defendant ALL ACCESS was aware or should have been aware before the subject injurious event in the instant case, through its own research, design and testing that its HD83+ product was defective and unreasonable dangerous, and was aware or should have been aware there had been numerous other substantially similar failures of HD83+ boom masts resulting in other similar falls and injuries, and that it was likely and inevitable that other HD83+ boom masts would fail and

cause injury, including the boom mast being used by the Plaintiff, SAMUEL NETERVAL-QUIEL, at the time of this incident.

109.     Despite the fact that Defendant knew or should have known of other substantially similar failures, and the propensity of its product to fail, there is likely to be evidentiary support after a reasonable opportunity for further investigation and discovery that they failed to:

   a.   Research and implement a safer alternative design or retrofit of the product;

   b.   Cease further sales of the product until the danger could be properly investigated;

   c.   Recall all previously sold products until such time as they could be made reasonably safe to operate; and

   d.    Warn all purchasers and users of HD83+ aerial work platforms of the foreseeable risk of harm in operating the platform as designed and/or intended.

   e.   Notify all distributors, customers and end users of the product failures and immediately remove the product from the stream of commerce.

110.     In failing to take any of the actions noted in paragraph 109, the Defendant, ALL ACCESS, acted with intentional disregard for the rights of the Plaintiffs, including the rights of the Plaintiff, SAMUEL NETERVAL-QUIEL.

111.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs are entitled to judgment against Defendant for exemplary damages to deter similar conduct in the future and to punish Defendant for its wrongful acts, in an amount to be determined by the finder of fact.

112.     Plaintiffs re-allege and incorporate by reference paragraphs 1-111 of the Complaint as if they were fully restated verbatim herein.

113.     At all times relevant to this action, the Plaintiff LEAH NETERVAL-QUIEL, has been the spouse of the Plaintiff, SAMUEL NETERVAL-QUIEL. As the spouse of the Plaintiff, SAMUEL NETERVAL-QUIEL, the Plaintiff, LEAH NETERVAL-QUIEL, had a right to the intangible benefits of SAMUEL's company, cooperation, conjugal fellowship, affection and aid, including the tangible benefits of general usefulness, industry and attention within the home and family.

114.     As a direct and proximate cause of the Defendants' wrongful and negligent conduct, the Plaintiff, SAMUEL NETERVAL-QUIEL, suffered bodily injury that is permanent within a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, future medical care, loss of earnings, and loss of the ability to earn money. As a result of these injuries to her husband, the Plaintiff, LEAH NETERVAL-QUIEL, has been deprived of her right to spousal consortium.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs, SAMUEL NETERVAL-QUIEL and LEAH NETERVAL-QUIEL, his wife, pray that the summons issue that the Defendants, ALL ACCESS, CMC and LOMEK, be served and made to appear and answer, that a JURY TRIAL be held, and that Plaintiffs be awarded judgment in Plaintiffs' favor and against defendants as follows:

(a) Under Count One, that the Plaintiff, SAMUEL NETERVAL-QUIEL, be awarded damages against the Defendant, CMC, in an amount to be proven at trial;

(b) Under Count Two, that the Plaintiff, SAMUEL NETERVAL-QUIEL, be awarded damages against the Defendant, CMC, in an amount to be proven at trial;

(c) Under Count Three, that the Plaintiff, SAMUEL NETERVAL-QUIEL, be awarded damages against the Defendant, LOMEK, in an amount to be proven at trial;

(d) Under Count Four, that the Plaintiff, SAMUEL NETERVAL-QUIEL, be awarded damages against the Defendant, LOMEK, in an amount to be proven at trial;

(e) Under Count Five, that the Plaintiff, SAMUEL NETERVAL-QUIEL, be awarded damages against the Defendant, ALL ACCESS, in an amount to be proven at trial;

(f) Under Count Six, that the Plaintiff, SAMUEL NETERVAL-QUIEL, be awarded damages against the Defendant, CMC, in an amount to be proven at trial;

(g) Under Count Seven, that the Plaintiff, SAMUEL NETERVAL-QUIEL, be awarded damages against the Defendant, LOMEK, in an amount to be proven at trial;

(h) Under Count Eight, that the Plaintiff, SAMUEL NETERVAL-QUIEL, be awarded damages against the Defendant, ALL ACCESS, in an amount to be proven at trial;

(i) Under Count Nine, that the Plaintiff, SAMUEL NETERVAL-QUIEL, be awarded damages against the Defendant, CMC, in an amount to be proven at trial;

(j) Under Count Ten, that the Plaintiff, SAMUEL NETERVAL-QUIEL, be awarded damages against the Defendant, LOMEK, in an amount to be proven at trial;

(k) Under Count Eleven, that the Plaintiff, SAMUEL NETERVAL-QUIEL, be awarded damages against the Defendant, ALL ACCESS, in an amount to be proven at trial;

(l) Under Count Twelve, the Plaintiff, LEAH NETERVAL-QUIEL, be awarded damages against Defendants in an amount to be proven at trial;

(m) That the cost of this action be levied against Defendants, and

(n) That Plaintiffs be awarded such other and further relief as this court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues related to these claims.

**GRUBER LAW OFFICES, LLC**

Dated:  November 4, 2021.　　　By:＿＿＿＿＿＿ s/  Eric M. Knobloch ＿＿＿＿＿＿
　　　　　　　　　　　　　　　Eric M. Knobloch, SBN: 1064347
　　　　　　　　　　　　　　　Email: EMK@gruber-law.com

　　　　　　　　　　　　　　　Michael A. LoCoco, SBN: 1098069
　　　　　　　　　　　　　　　Email: MAL@gruber-law.com

　　　　　　　　　　　　　　　Adam R. Woodside, SBN: 1114511
　　　　　　　　　　　　　　　Email: ARW@gruber-law.com

　　　　　　　　　　　　　　　Attorneys for Plaintiffs
　　　　　　　　　　　　　　　100 E. Wisconsin Avenue, Suite 2800
　　　　　　　　　　　　　　　Milwaukee, WI 53202
　　　　　　　　　　　　　　　Telephone No. 414.276.6666
　　　　　　　　　　　　　　　Facsimile: 414.977.3831