UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SAMUEL NETERVAL-QUIEL,
LEAH NETERVAL-QUIEL,

        Plaintiffs,

  v.

SENTRY INSURANCE COMPANY,

        Involuntary Plaintiff,

  v.

CMC SRL, et al.,

        Defendants.

Case No. 21-cv-1279-bhl

## ORDER DENYING MOTION TO INTERVENE AND MOTION FOR RELIEF FROM JUDGMENT

        On November 4, 2021, Plaintiffs Samuel and Leah Neterval-Quiel filed a complaint against several defendants relating to a workplace accident involving a piece of equipment that was designed and manufactured by Defendant CMC SRL and distributed in the United States by All Access Equipment. (ECF No. 1.) Multiple pleadings and motions, and the entry of a stipulated protective order, followed. On August 30, 2023, Plaintiffs' counsel filed a motion to intervene and modify the stipulated protective order on behalf of third parties Amy Watkin and the Estate of Joshua Watkin (Proposed Intervenors). Through the motion, counsel sought to amend the protective order to allow him to share discovery documents from this case with the Watkins for use in a nearly identical lawsuit pending in the Western District of Michigan. (ECF No. 126; ECF No. 127 at 2.) By its terms, the stipulated protective order prohibited this sharing; it provides that any confidential discovery materials produced in this case can be used "solely" for purposes of this litigation and "for no other purpose." (ECF No. 105 ¶11.) Counsel withdrew his motion on October 4, 2023. (ECF No. 133.)

Just over a month later, on November 6, 2023, the parties filed a joint motion for approval of a settlement of all their claims in this lawsuit. (ECF No. 138.) On November 8, the Court approved the settlement and distribution of settlement proceeds, and the Clerk terminated the case the same day. (ECF No. 139.) Even though the case closed, the docket continued to expand. On November 13, 2023, Plaintiffs' counsel filed a letter asking the Court to amend the settlement approval to include a numerical breakdown of the funds, to satisfy State of Wisconsin workers compensation requirements. (ECF No. 140.) The Court complied with the request and entered a corresponding order on November 17. (ECF No. 141.) On December 6, 2023, Plaintiffs' counsel filed a renewed motion to intervene on the Watkins' behalf, claiming they should be allowed to intervene and seek amendment of the Court's protective order so they could obtain discovery materials from this case for use in their Michigan lawsuit. (ECF No. 142.) The next day, the parties filed a stipulation of dismissal signed electronically by counsel for all parties. (ECF No. 143.)

On December 12, 2023, the Watkins filed a "Motion to Reopen Pursuant to FRCP 60(b)(1) and (6)." (ECF No. 144.) The motion asked that the case be "reopened" to allow the Watkins to be heard on their motion to intervene and their request to modify the stipulated protective order. (*Id*.) The Court held a telephonic hearing on January 18, 2024 to discuss Proposed Intervenors' motions and took the matter under advisement. (*See* ECF No. 151.) For the reasons given below, the Court will deny the Watkins' motions.

## ANALYSIS

The Watkins' motion to intervene must be denied because they lack standing. Although not cited in their motion, Federal Rule of Civil Procedure 24 governs intervention. On a timely motion, a court can permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Court has discretion to allow intervention but "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Rule 24(b)(3). The Rule also requires the motion to "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."

The Watkins face an additional hurdle because they are seeking to intervene in a case that is over. The Seventh Circuit has confirmed that a third party who seeks to intervene to challenge a protective order entered in an already dismissed case must establish standing. *Bond v. Utreras*,

585 F.3d 1061, 1072 (7th Cir. 2009). The would-be intervenor, like any litigant, has standing if he "is entitled to have the court decide the merits of the dispute or of particular issues," *Warth v. Seldin*, 422 U.S. 490, 498 (1975), because federal judicial power is legitimate only in live "cases" or "controversies." *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 597-98 (2007). In particular, standing requires that a party have (1) suffered an injury in fact that is (2) fairly traceable to the defendant's challenged conduct and is (3) likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

In *Bond*, an independent journalist petitioned to intervene in a civil rights case to challenge a previously entered protective order. *Id.* at 1065. The district court allowed the journalist to intervene and rescinded the protective order in its entirety, without addressing the standing issue. *Id.* at 1066, 1068. Defendants appealed the ruling and, while the appeal was pending, more than two dozen Chicago aldermen also attempted to intervene to obtain access to documents covered by the protective order. *Id.* at 1067. In vacating the district court's order, the Seventh Circuit first emphasized that when litigation is over and a case is dismissed, an intervenor must establish Article III standing in addition to the requirements of Rule 24(b). *Id.* at 1072. And because Article III standing "requires an injury-in-fact capable of being redressed by a favorable decision of the court," and the proposed intervenors asserted nothing more than an "inchoate, derivative 'right' to receive discovery information," the Seventh Circuit held that the proposed intervenors lacked standing to support intervention. *Id.* at 1072, 1078. "Where, as here, the litigants have voluntarily bound themselves to keep certain discovery confidential and do not themselves seek relief from the requirements of the protective order, there is no willing speaker on which to premise a First Amendment right-to-receive claim." *Id.* at 1078.

In so holding, *Bond* distinguished *Wilk v. American Medical Association*, 635 F.2d 1295, 1299, 1301 (7th Cir. 1980), which authorized "collateral litigants" to receive access to discovery on the same terms as the litigants in the case itself. Critically, *Bond* notes that *Wilk* "did not address either the intervenors' standing or the standards for intervention under Rule 24" and "instead skipped directly to the merits of the" discovery request. *See Bond*, 585 F.3d at 1068 n.4. *Bond* also points out that to the extent *Wilk* and its progeny premised their holdings on the principle that pretrial discovery must take place in public without compelling reasons to deny the public access, "they have been superseded by the 2000 amendment to Rule 5 of the Federal Rules of Civil

Procedure" which reversed the longstanding rule requiring discovery to be filed with the court. *Id.* at 1068 n.4, 1076.

For their part, Proposed Intervenors rely on *Wilk* to insist that they are entitled to a modification of the protective order. (*See* ECF No. 127 at 6; ECF No. 148 at 6.) But *Bond* controls this case. Proposed Intervenors are petitioning this Court to intervene so they may challenge the protective order whose terms their counsel—who is also counsel for Plaintiffs—stipulated to. Counsel also stipulated to the dismissal of the case. *Bond* is clear that an intervenor's right to intervene is contingent on Article III's standing requirements, but Proposed Intervenors have not made a showing that anything in *this case* implicates their legally protected interest. They rely on the (incorrect) notion that they have an inchoate right to receive discovery information in this case in order to aid discovery in their own, separate case in a separate district. *Bond* clearly states this is insufficient to establish Article III standing to intervene. And Proposed Intervenors' insistence that *Wilk* controls is misplaced given *Bond*'s acknowledgement that *Wilk*'s holding is outdated after the advent of the 2000 amendments to the Rules. Their motion is thus denied.

Proposed Intervenors also move to "reopen" the case under Rules 60(b)(1) and (6). (ECF No. 144.) This motion fails, too. Rule 60(b) allows a court to relieve a party from a final judgment on motion and just terms for "mistake, inadvertence, surprise, or excusable neglect;" or "any other reason that justifies relief." Rule 60(b)(1), (6). But relief under Rule 60(b) is "available only to 'a party or its legal representatives'" except for those in privity with the original parties to the case. *Cook County v. Texas*, 37 F.4th 1335, 1344-45 (7th Cir. 2022). Proposed Intervenors are not— nor do they even try to assert that they are—in privity with the parties here, and they are therefore not entitled to seek Rule 60(b) relief. "This makes sense: if Rule 60(b) rights were extended beyond parties and their privies to anyone who disliked the outcome of a case, finality would be exceedingly hard to achieve." *Id.* at 1345. Proposed Intervenors' motion for Rule 60(b) relief is thus denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Watkins' Motion to Intervene, ECF No. 142, is **DENIED**.

**IT IS FURTHER ORDERED** that the Watkins' Motion to Reopen Case, ECF No. 144, is **DENIED**.

Dated at Milwaukee, Wisconsin on February 21, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge